# IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF GUAM

**UNITED STATES OF AMERICA**,

    Plaintiff,

vs.

1)    **LOT NO. 9-1**, Tract No. 19312, ORDOT-CHALAN PAGO, GUAM, ESTATE NO. 8819, SUBURBAN, Map No. 08R07M99 (LM#313FY2000) recorded on 10/10/2000 under Instrument No. 628086, AREA: 467 SQ. METERS, LAST C.T. # 97711;

2)    **LOT NO. 9-2**, Tract No. 19312, ORDOT-CHALAN PAGO, GUAM, ESTATE NO. 8819, SUBURBAN, Map No. 08R07M99 (LM#313FY2000) recorded on 10/10/2000 under Instrument No. 628086, AREA: 467 SQ. METERS, LAST C.T. # 97711;

3)    **LOT NO. 9-3**, Tract No. 19312, ORDOT-CHALAN PAGO, GUAM, ESTATE NO. 8819, SUBURBAN, Map No. 08R07M99 (LM#313FY2000) recorded on 10/10/2000 under Instrument No. 628086, AREA: 467 SQ. METERS, LAST C.T. # 97711;

Civil Case No. 09-00026

**OPINION AND ORDER RE: MOTION TO DISMISS**

4) **LOT NO. 9-R3**, Tract No. 19312, ORDOT-CHALAN PAGO, GUAM, ESTATE NO. 8819, SUBURBAN, Map No. 08R07M99 (LM#313FY2000) recorded on 10/10/2000 under Instrument No. 628086, AREA: 534 SQ. METERS, LAST C.T. # 97711

5) **LOT NO. 9-R9**, Tract No. 19312, ORDOT-CHALAN PAGO, GUAM, ESTATE NO. 8819, SUBURBAN, Map No. 09R10M98 (LM#463FY1998) recorded on 07/20/1999 under Instrument No. 607092, AREA: 2,111 SQ. METERS, LAST C.T. # 97711;

6) **LOT NO. 3**, Tract No. 19312, ORDOT-CHALAN PAGO, GUAM, ESTATE NO. 8819, SUBURBAN, Map No. 06R10M98 (LM#356FY1998) recorded on 07/02/1999 under Instrument No. 606315, AREA: 474 SQ. METERS, LAST C.T. # 97711;

7) **LOT NO. 4**, Tract No. 19312, ORDOT-CHALAN PAGO, GUAM, ESTATE NO. 8819, SUBURBAN, Map No. 06R10M98 (LM#356FY1998) recorded on 07/02/1999 under Instrument No. 606315, AREA: 474 SQ. METERS, LAST C.T. # 97711;

8) **LOT NO. 5**, Tract No. 19312, ORDOT-CHALAN PAGO, GUAM, ESTATE NO. 8819, SUBURBAN, Map No. 06R10M98 (LM#356FY1998) recorded on 07/02/1999 under Instrument No. 606315, AREA: 475 SQ. METERS, LAST C.T. # 97711;

9) **LOT NO. 2284-5-1-R6**, MANGILAO, GUAM, Map No. 6R29M2001 (LM#345FY2001) recorded on 10/23/2001 under Instrument No. 646143, AREA: 505 SQ. METERS, LAST C.T. # 93374;

10) **LOT NO. 2284-5-1-5**, MANGILAO, GUAM, ESTATE NO. 67697, SUBURBAN, Map No. 6R29M2001 (LM#345FY2001) recorded on 10/23/2001 under Instrument No. 646143, AREA: 467 SQ. METERS, LAST C.T. # 93374;

11) **LOT NO. 2284-5-1-6**, MANGILAO, GUAM, Map No. 6R29M2001 (LM#345FY2001) recorded on 10/23/2001 under Instrument No. 646143, AREA: 465 SQ. METERS, LAST C.T. # 93374

12) **LOT NO. 2285-NEW-A-R3**, GUAM, SUBURBAN, as said lot is marked and designated on Drawing No. 1190-94, as L.J. Check No. 194 FY 95 as described in that RE-Subdivision Survey Map, dated August 9, 1995, at the Department of Land Management, Government of Guam, under document number 532469, AREA: 471 SQ. METERS, LAST C.T. # 89442; and

13) **LOT NO. 1111-NEW-1**, MANGILAO, GUAM, Estate No. 73625, SUBURBAN, as said lot is marked and designated on DRAWING NO. 03R10M95, as L.M. CHECK NO. 481-FY-96, dated July 12, 1996 and recorded February 10, 1997, at the Department of Land Management, Government of Guam, under document number 559056, AREA: 4,942 SQ. METERS, LAST C.T. # 108361,

Defendants.

Before the court is the "Motion to Dismiss" ("the Motion") filed by Claimants HUA SHENG INTERNATIONAL GROUP CORPORATION, LTD. and STEVEN WANG. *See* Docket No. 61; *see also* Docket Nos. 62-73 (related documents).

**A.** **The Motion**

The Government agrees with the points made in the Motion. *See*, *e.g.*, Docket No. 69 at 6:24-26. Since it is effectively unopposed, then, the Motion is **GRANTED**.

**B.** **Leave to Amend**

The Government seeks leave to amend its complaint. *See* Docket No. 69 at 8:5-6. Naturally, Claimants oppose this request. *See*, *e.g.*, Docket No. 71.

Courts are free to grant a party leave to amend whenever "justice so requires." FED. R. CIV. P. 15(a)(2). In deciding whether justice requires granting leave to amend, factors to be considered include "the presence or absence of undue delay, bad faith, dilatory motive, repeated failure to cure deficiencies by previous amendments, undue prejudice to the opposing party, and futility of the proposed amendment." *Moore v. Kayport Package Express, Inc.*, 885 F.2d 531, 538 (9th Cir. 1989) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)) ("the *Foman* factors"). Requests for leave should be granted with "extreme liberality." *Moss v. United States Secret Service*, 572 F.3d 962, 972 (9th Cir. 2009). "Dismissal without leave to amend is improper unless it is clear, upon *de novo* review, that the complaint could not be saved by any amendment." *Id*.

The Government argues that justice requires leave to amend here,

> . . . because of the complexity of this case and the nature of the evidence. Investigators have been working with Chinese-speaking aliens who could only identify the properties they worked on by physically waking investigators to the locations. It has proved extremely difficult to sort out these properties and trace their ownership.

Docket No. 69 at 8:21-9:1; *see also id*. at 6:26-7:18 (describing other evidentiary difficulties of the case). Claimants, on the other hand, argue that the *Foman* factors tip in their favor, and point out that the Government did not comply with LR 15.1 of the Local Rules, which provides that "[a]ny party filing or moving to file an amended pleading shall reproduce the entire pleading as amended . . . ." *See generally* Docket No. 71.

The court rejects Claimants' arguments. The *Foman* factors do not tip in Claimants' favor. There is no evidence of undue delay, bad faith, or dilatory motive on the Government's part. Rather, the Government's point about "the complexity of this case and the nature of the evidence" adequately explains the timing of the request to amend. The complaint has not yet been amended, so there is no repeated failure to cure deficiencies by previous amendments. There is no undue prejudice to the opposing party, as this case is still in its infancy and the Government is only asking for three more days in which to file its amended complaint. *See*

Docket No. 69 at 8:6 (asking for deadline of July 9, 2010 in document filed July 6, 2010). Finally, there is no indication that the proposed amendment would be futile. To be sure, this is partly because, as Claimants point out, the Government did not comply with LR 15.1 of the Local Rules, which requires any party seeking leave to file an amended complaint to attach the proposed amended complaint to their filing. Without that proposed amended complaint, the court cannot tell whether the proposed amendments would be futile or not. Still, there is no indication that the proposed amendment would be futile, beyond Claimants' clearly self-serving assertion that "the real property defendants are not connected to any unlawful activity." Docket No. 71 at 6:21. And while the Government should have complied with LR 15.1—and is cautioned to do so in the future—the court does not find that its failure to do so in this instance can overcome the command that requests for leave to amend be granted with "extreme liberality," particularly in light of the evidentiary complexity of this case. *Moss*, 572 F.3d at 972.

In conclusion, then, the Motion is **GRANTED**. Leave to amend is **GRANTED**. The Government shall file its amended complaint by 3 p.m. on Monday, July 26, 2010.[1]

**SO ORDERED**.



/s/ Frances M. Tydingco-Gatewood
   Chief Judge
**Dated: Jul 23, 2010**

---

[1] The court had drafted this order before it had the benefit of reading the Government's "Motion to File Sur-Reply to Claimants' Response." *See* Docket No. 74. Obviously, that motion is moot in light of this order.